UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD GLADSTON
ROSARIO PRAGASAM,

       Plaintiff,                      CIVIL ACTION NO. 09-11660

      v.                                DISTRICT JUDGE PAUL D. BORMAN

REHAB CARE GROUP,              MAGISTRATE JUDGE VIRGINIA M. MORGAN
INCORPORATED, TRACY
HUFF, and JANE DOE 1-2,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

      This is a *pro se* action in which the plaintiff alleges that defendants retaliated against him in violation of the Michigan Whistleblowers' Protection Act, M.C.L. § 15.361 *et seq*. The matter comes before the court on defendants Rehab Care Group, Incorporated ("Rehab Care Group") and Tracy Huff's Motion for Summary Judgment (D/E #16). Plaintiff filed a response in opposition to defendants' motion (D/E #18) and defendants filed a reply to that response (D/E #19). For the reasons discussed below, this court recommends that defendants' motion be **GRANTED** and that summary judgment be entered in favor of defendants Rehab Care Group and Huff. Additionally, because the Jane Doe defendants have not been identified, not been served and would be entitled to summary judgment on the same basis as the named defendants if they were part of this case, this court recommends that the case be dismissed in its entirety.

**II. Background**

Plaintiff originally filed this action in state court and, on May 1, 2009, defendants removed the case to federal court on the basis of diversity jurisdiction (D/E #1). Following the removal, this court granted a motion for more definite statement filed by defendants and ordered plaintiff to file an amended complaint (D/E #12).

On July 8, 2009, plaintiff filed an amended complaint (D/E #13). In that amended complaint, plaintiff asserts that he is a licensed physical therapist and that, on August 11, 2008, he began working for defendant Rehab Care Group. (Amended Complaint, ¶ 1) At that time, plaintiff was also working full-time at Ciena Health Care Management ("Ciena"). (Amended Complaint, ¶ 1)[1] Plaintiff also asserts that, in November of 2008, Ciena changed plaintiff's work hours and Rehab Care Group notified plaintiff that he could only work part-time. (Amended Complaint, ¶ 2) Plaintiff alleges that defendant Huff, an employee of Rehab Care Group, informed plaintiff that could not work as a full-time physical therapist because he was "working on an Employment authorization document." (Amended Complaint, ¶ 2) Plaintiff also alleges that he sent Huff a letter from his immigration attorney stating that plaintiff could work full-time, but Huff never responded. (Amended Complaint, ¶ 3).

According to plaintiff's amended complaint, on November 25, 2008, Huff informed plaintiff that a patient had made an allegation that plaintiff had billed the patient without providing any services. (Amended Complaint, ¶ 4) However, when Huff interviewed the patient, the patient denied the allegation. (Amended Complaint, ¶ 5) Plaintiff asked Huff if the

---

[1]According to his amended complaint, plaintiff filed a separate action against Ciena Health Care Management in state court as well. (Amended Complaint, p. 5)

investigation was meant to harass plaintiff into resigning, but Huff said no. (Amended Complaint, ¶ 5)

Plaintiff also alleges that he complained to Huff that he was being harassed and discriminated against by his co-workers, but Huff said she could not do anything and denied his request for a transfer. (Amended Complaint, ¶¶ 6-8) Plaintiff further alleges that he was assigned more challenging patients and reduced work hours in order to lessen plaintiff's productivity. (Amended Complaint, ¶ 9)

On January 14, 2009, plaintiff allegedly informed his supervisor at Ciena that he was making a complaint to the government over unethical therapy practices and, on January 20, 2009, plaintiff took a leave of absence from both of his jobs. (Amended Complaint, ¶¶ 10-11) Plaintiff asserts that he resigned from Ciena on February 2, 2009. (Amended Complaint, ¶ 13)

On February 12, 2009, plaintiff allegedly made verbal and written complaints to both state and federal agencies with respect to unethical therapy practices used by Rehab Care Group. (Amended Complaint, ¶ 14) According to plaintiff, he e-mailed Huff that same day to inform her of the complaint and to seek permission to start working again. (Amended Complaint, ¶ 14) Plaintiff alleges that Huff e-mailed plaintiff on February 27, 2009, told him that his services were not needed, and informed him that he had been laid off (Amended Complaint, ¶ 15)

Plaintiff claims that he repeatedly sought to work for Rehab Care Group after that date, but he was told there was no job available. (Amended Complaint, ¶¶ 16-20) According to plaintiff, he was told there was no job despite the fact that Rehab Care Group was advertising a physical therapist position on the internet and plaintiff was willing to switch locations.

(Amended Complaint, ¶¶ 16)  Plaintiff was also told to stop contacting Huff.  (Amended Complaint, ¶ 20)

Plaintiff claims that, through their above actions, defendants violated the Michigan Whistleblowers' Protection Act, M.C.L. § 15.361 *et seq.*, by retaliating against him for filing a complaint with the government.

On October 30, 2009, defendants Rehab Care Group and Huff filed the motion for summary judgment pending before the court (D/E #16).  In that motion, those defendants argue that they are entitled to summary judgment because plaintiff cannot establish a *prima facie* case of retaliation under Michigan's Whistleblowers' Protection Act, especially considering the admissions that plaintiff is deemed to have admitted in light of his failure to cooperate in discovery.  Defendants also argue that they are entitled to summary judgment because there was a legitimate reason for plaintiff's termination and there is no evidence of pretext.

On November 19, 2009, plaintiff filed a response to defendants' motion for summary judgment (D/E #18).  In that response, plaintiff asserts that he failed to respond to defendants' requests to admit because of the settlement discussions they were having at the time.  Plaintiff also attached his responses to those requests, while requesting an extension of the discovery deadline.  Plaintiff argues that genuine issues of material fact are in dispute and that defendants' motions should be denied.

On November 24, 2009, defendants filed a reply to plaintiff's response (D/E #19).  In that reply, defendants reiterated their earlier arguments while also asserting that plaintiff's untimely responses to their requests to admit still failed to demonstrate that a genuine issue of material fact is in dispute.

**III. Standard of Review**

Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56(b). That rule states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

**IV. Discussion**

Plaintiff's whistleblower claim is brought under M.C.L. § 15.362, which states:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

"To establish a *prima facie* case under that statute, a plaintiff must show that (1) the plaintiff was engaged in protected activity as defined by the act, (2) the plaintiff was discharged or discriminated against, and (3) a causal connection exists between the protected activity and the discharge or adverse employment action." West v. General Motors Corp., 469 Mich. 177, 183-184, 665 N.W.2d 468, 471 - 472 (2003) (citing Chandler v. Dowell Schlumberger, Inc., 456 Mich. 395, 399, 572 N.W.2d 210 (1998); Shallal v. Catholic Social Services of Wayne Co., 455 Mich. 604, 610, 566 N.W.2d 571 (1997)).

Defendants argue that plaintiff cannot establish a *prima facie* case of retaliation and, therefore, they are entitled to summary judgment. As discussed above, the party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the nonmoving party's claim. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 & n. 12 (6th Cir. 1989) (citations omitted).

Defendants first attempt to met that initial burden by relying on plaintiff's failure to respond to their requests to admit. Pursuant to Fed. R. Civ. P. 36(a)(1), a party may "serve on

any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(3) further provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court."

In this case, defendants sent plaintiff their First Request For Admissions and Second Set of Interrogatories Dated July 16, 2009 (attached as Exhibit 2 to Defendants' Motion for Summary Judgment) and, in that discovery, defendants requested that plaintiff admit that he was not engaged in a protected activity contemplated by the Whistleblowers' Protection Act (Requests to Admit, Nos. 11-13), he did not suffer any "adverse action" (Requests to Admit, Nos. 15-16); and that there was no causal connection between the cessation of his employment with Rehab Care Group on or about January 20 and any alleged protected activity (Requests to Admit, No. 22). It is undisputed that plaintiff did not respond to those requests to admit within thirty days as required and, pursuant to Fed. R. Civ. P. 36(a)(3), those matters could be deemed admitted. If the requests are deemed admitted, then plaintiff will have conceded that he has no claim and defendants would be granted summary judgment.

However, "the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted," U.S. v. Petroff-Kline, 557 F.3d 285, 293 (6th Cir. 2009) (quoting Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1312 (8th Cir.1983)), and a court has discretion to permit an otherwise untimely answer. Petroff-Kline, 557 at 293. Here,

this court recommends that the answers plaintiff attached to his response be accepted and that the matters not be deemed admitted. Plaintiff is proceeding *pro se* and the courts have a strong policy in favor of deciding cases on their merits. Furthermore, accepting the late answer would serve the purpose of Fed. R. Civ. P. 36, which is only meant to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy. Petroff-Kline, 557 F.3d at 293.

Even if the requests to admit are not deemed admitted, defendants are still entitled to summary judgment. As discussed above, the party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the nonmoving party's claim. Street, 886 F.2d at 1479 & n. 12 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)) (other citations omitted). The movant need not submit "affidavits or other similar materials negating the [nonmovant's] claim." Celotex, 477 U.S. at 323, 106 S.Ct. 2548. It need only identify portions of the record that demonstrate the absence of a genuine issue of material fact. Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal, Inc., 276 F.3d 845, 848 (6th Cir. 2002) (citing Celotex, 477 U.S. at 323, 106 S.Ct. 2548).

Here, defendants have not submitted any evidence negating plaintiff's claims, but they do have identify specific portions of the record that demonstrate the absence of a genuine issue of material fact. As asserted by defendants, plaintiff did not engage in any discovery and he has no evidence that he was engaged in protected activity, that he suffered an adverse action, or that there was a causal connection between plaintiff's alleged protected activity and his termination. By identifying those areas where there is an absence a genuine issue of material fact, and where

defendants would be entitled to judgment as a matter of law, defendants have met their initial burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the nonmoving party's claim.  See Mt. Lebanon Pers. Care Home, Inc., 276 F.3d at 848 (citing Celotex, 477 U.S. at 323, 106 S.Ct. 2548).

Once defendants met their initial burden, the burden shifts to plaintiff to "come forward with specific facts showing that there is a genuine issue for trial."  Matsushita, 475 U.S. at 587, 106 S.Ct. 1348.  In doing so, plaintiff cannot merely rest upon the allegations contained in his pleadings and he must submit evidence demonstrating that material issues of fact exist.  Banks, 330 F.3d at 892; Fed. R. Civ. P. 56(e).

In this case, plaintiff has failed to come forward with any evidence and, instead, merely rest upon the allegations contained in his pleadings.  By doing so, plaintiff has failed to demonstrate that material facts exist and defendants are entitled to summary judgment.  Banks, 330 F.3d at 892; Fed. R. Civ. P. 56(e).

Plaintiff does request more time to complete discovery, but he did not file an affidavit pursuant to Fed. R. Civ. P. 56(f)[2] indicating that he is unable to present facts essential to justify the his opposition to the motion for summary judgment because of a lack of discovery.  Fed. R. Civ. P. 56(f) has been referred to as a "carefully crafted" rule that serves as a vehicle through

---

[2]Fed. R. Civ. P. 56(f) provides: "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."  An affidavit required by Rule 56(f) to support a request for additional discovery must indicate the need for discovery, what material facts may be uncovered, and why the information has not been previously discovered.  Egerer v. Woodland Realty, Inc., 556 F.3d 415, 426 (6th Cir. 2009) (citing Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir.2000).

which the non-movant meets his "obligation to inform the district court of his need for discovery," Vance ex rel. Hammons v. United States, 90 F.3d 1145, 1149 (6th Cir. 1996), and the Sixth Circuit has stressed the importance of complying with Rule 56(f)'s requirement through the use of affidavits, as opposed to briefs: "[a] reference to Rule 56(f) and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit ... and the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000) (quoting Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir.1996)).

Moreover, to the extent the request in plaintiff's response is even considered, plaintiff does not describe exactly what evidence he needs or what it will show. "Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." Cacevic, 226 F.3d at 488. See also Wallin, 317 F.3d at 564 ("[i]t is up to the party opposing the motion to state why more discovery is needed."); Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc., 280 F.3d 619, 627 (6th Cir. 2002) ("[T]he non-movant must file an affidavit pursuant to Fed. R. Civ. P. 56(f) that details the discovery needed, or file a motion for additional discovery."); Good v. Ohio Edison Co., 149 F.3d 413, 422 (6th Cir. 1998) (holding that a party invoking Rule 56(f) protections must "affirmatively demonstrate ... how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact") (internal quotation marks omitted).

"Nebulous assertions that more discovery time would have produced evidence to defeat summary judgment will be unavailing." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003).

The deadline for discovery has passed in this case and defendants Rehab Care Group and Huff filed a timely motion for summary judgment. In that motion, they met their initial burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the nonmoving party's claim by identifying the specific areas where there is an absence a genuine issue of material fact. In response, plaintiff failed to provide any evidence and he merely rested upon the allegations contained in his pleadings. By doing so, plaintiff has failed to demonstrate that material facts exist and defendants are entitled to summary judgment. Banks, 330 F.3d at 892; Fed. R. Civ. P. 56(e).

**V. Conclusion**

For the reasons discussed above, the court recommends that defendants' motion be **GRANTED** and that summary judgment be entered in favor of defendants Rehab Care Group and Huff. Additionally, because the Jane Doe defendants have not been identified, not been served and would be entitled to summary judgment on the same basis as the named defendants if they were part of this case, this court recommends that the case be dismissed in its entirety.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

     Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                 S/Virginia M. Morgan
                                 Virginia M. Morgan
                                 United States Magistrate Judge

Dated: December 12/23/2009

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and to Plaintiff, Park Crestwood Drive, St. Louis, MO  via the Court's ECF System and/or U. S. Mail on December 23, 2009.

                                 s/J.  Johnson
                                 Case Manager to
                                 Magistrate Judge Virginia M. Morgan