UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD GLADSTON ROSARIO
PRAGASAM,

        Plaintiff,

                Case No. 09-11660

v.                                   Honorable Paul D. Borman
                                   United States District Judge

                                   Virginia Morgan
REHAB CARE GROUP, INC.,           United States Magistrate Judge
TRACY HUFF, and JANE DOE 1-2,

        Defendants.
_____/

## ORDER RETURNING MATTER TO THE MAGISTRATE JUDGE PURSUANT TO FED. R. CIV. P. 72(b)(3)

On December 23, 2009, Magistrate Judge Morgan issued a Report and Recommendation granting Defendants Rehab Care Group, Incorporated and Tracy Huff's ("Defendants") Motion for Summary Judgment. (Dkt. No. 28.) On January 6, 2010 Plaintiff, who proceeds *pro se*, filed objections to the Magistrate Judge's Report and Recommendation. (Dkt. Nos. 32-45.) On January 19, 2010, Defendants filed a response to Plaintiff's objections. (Dkt. No. 52.) On January 30, 2010, Plaintiff filed a reply to Defendants' response to Plaintiff's objections. (Dkt. No. 63.)

For the reasons that follow, the Court returns this matter to the Magistrate Judge to consider as evidence the exhibits (Dkt. Nos. 36-45), which Plaintiff has filed in support of his objections to the Magistrate Judge's Report and Recommendation, and thereafter permit the parties to rebrief the issues, hold oral argument and then provide this Court with a new Report and Recommendation.

1

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court may, in its discretion, "return the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

Having reviewed the matter *de novo*, the Court concludes that, due to Plaintiff's clerical error in apparently failing to attach exhibits to his response to Defendants' motion for summary judgment, the Magistrate Judge was unable to consider, in her ruling on Defendants' motion, the evidence which Plaintiff attempted to offer in support of his claims. It appears to the Court, given Plaintiff's careful reference by number in his responsive brief (Dkt. No. 18) to the very exhibits that he now attaches to his Objections to the Magistrate Judge's Report and Recommendation (Dkt. Nos. 36-45), that Plaintiff had assembled these exhibits and believed he had filed them in support of his claims in his response to Defendants' motion for summary judgment. Given Plaintiff's *pro se* status, and his obvious effort to collect and provide evidence in support of his claims, the Court will allow Plaintiff to submit these untimely filed exhibits as evidence in support of Plaintiff's response to Defendants' motion for summary judgment.

In returning this matter to the Magistrate Judge with instructions to consider these exhibits as evidence, permit the parties to rebrief their arguments, and hold oral argument, the Court does not express any opinion on the merits of Plaintiff's claims.

## IV. CONCLUSION

The Court hereby returns this matter to Magistrate Judge Morgan pursuant to Fed. R. Civ. P. 72(b)(3) to consider as evidence the exhibits (Dkt. Nos. 36-45), which Plaintiff has filed in support of his objections to the Magistrate Judge's Report and Recommendation, and thereafter permit the parties to rebrief the issues, hold oral argument and then provide this Court with a new Report and Recommendation.

**IT IS SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 10, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 10, 2010.

S/Denise Goodine
Case Manager