UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD GLADSTON
ROSARIO PRAGASAM,

       Plaintiff,                    CIVIL ACTION NO. 09-11660

   v.                                DISTRICT JUDGE PAUL D. BORMAN

REHAB CARE GROUP,            MAGISTRATE JUDGE VIRGINIA M. MORGAN
INCORPORATED, TRACY
HUFF, and JANE DOE 1-2,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (D/E #16)**

**I. Introduction**

      This is a *pro se* action in which the plaintiff alleges that defendants retaliated against him in violation of the Michigan Whistleblowers' Protection Act, M.C.L. § 15.361 *et seq*. The matter comes before the court on defendants Rehab Care Group, Incorporated ("Rehab Care Group") and Tracy Huff's Motion for Summary Judgment (D/E #16). Plaintiff filed a response in opposition to defendants' motion (D/E #18) and defendants filed a reply to that response (D/E #19). On December 23, 2009, this court recommended that defendants' motion be granted on the basis that plaintiff failed to produce any evidence demonstrating that there was a genuine issue of material fact and defendants were entitled to judgment as a matter of law (D/E #28). Plaintiff objected to that report and recommendation (D/E #32-45) and, on May 10, 2010, the

-1-

Honorable Paul D. Borman issued an order returning this matter to this court so that the court could consider plaintiff's evidence (D/E#77). Following that return, defendants filed a second reply brief in support of their motion for summary judgment (D/E#85) and a hearing was held on July 14, 2010, at which plaintiff appeared by phone. For the reasons discussed below, this court now recommends that defendants' motion be **GRANTED** and that summary judgment be entered in favor of defendants Rehab Care Group and Huff. Additionally, because the Jane Doe defendants have not been identified, not been served and would be entitled to summary judgment on the same basis as the named defendants if they were part of this case, this court also recommends that the case be dismissed in its entirety.

## II. Background

Plaintiff originally filed this action in state court and, on May 1, 2009, defendants removed the case to federal court on the basis of diversity jurisdiction (D/E #1). Following the removal, this court granted a motion for more definite statement filed by defendants and ordered plaintiff to file an amended complaint (D/E #12).

On July 8, 2009, plaintiff filed an amended complaint (D/E #13). In that amended complaint, plaintiff asserts that he is a licensed physical therapist and that, on August 11, 2008, he began working for defendant Rehab Care Group. (Amended Complaint, ¶ 1) At that time, plaintiff was also working full-time at Ciena Health Care Management ("Ciena"). (Amended Complaint, ¶ 1)[1] Plaintiff also asserts that, in November of 2008, Ciena changed plaintiff's work hours and Rehab Care Group notified plaintiff that he could only work part-time. (Amended

---

[1] According to his amended complaint, plaintiff has filed a separate action against Ciena Health Care Management in state court as well. (Amended Complaint, p. 5)

Complaint, ¶ 2) Plaintiff alleges that defendant Huff, an employee of Rehab Care Group, informed plaintiff that could not work as a full-time physical therapist because he was "working on an Employment authorization document." (Amended Complaint, ¶ 2) Plaintiff also alleges that he sent Huff a letter from his immigration attorney stating that plaintiff could work full-time, but Huff never responded. (Amended Complaint, ¶ 3).

According to plaintiff's amended complaint, on November 25, 2008, Huff informed plaintiff that a patient had made an allegation that plaintiff had billed the patient without providing any services. (Amended Complaint, ¶ 4) However, when Huff interviewed the patient, the patient denied the allegation. (Amended Complaint, ¶ 5) Plaintiff asked Huff if the investigation was meant to harass plaintiff into resigning, but Huff said no. (Amended Complaint, ¶ 5)

Plaintiff also alleges that he complained to Huff that he was being harassed and discriminated against by his co-workers, but Huff said she could not do anything and denied his request for a transfer. (Amended Complaint, ¶¶ 6-8) Plaintiff further alleges that he was assigned more challenging patients and reduced work hours in order to lessen plaintiff's productivity. (Amended Complaint, ¶ 9)

On January 14, 2009, plaintiff allegedly informed his supervisor at Ciena that he was making a complaint to the government over unethical therapy practices and, on January 20, 2009, plaintiff took a leave of absence from both of his jobs. (Amended Complaint, ¶¶ 10-11) Plaintiff asserts that he resigned from Ciena on February 2, 2009. (Amended Complaint, ¶ 13)

On February 12, 2009, plaintiff allegedly made verbal and written complaints to both state and federal agencies with respect to unethical therapy practices used by Rehab Care Group.

(Amended Complaint, ¶ 14) According to plaintiff, he emailed Huff that same day to inform her of the complaint and to seek permission to start working again. (Amended Complaint, ¶ 14) Plaintiff alleges that Huff emailed plaintiff on February 27, 2009, told him that his services were not needed, and informed him that he had been laid off (Amended Complaint, ¶ 15)

Plaintiff claims that he repeatedly sought to work for Rehab Care Group after that date, but he was told there was no job available. (Amended Complaint, ¶¶ 16-20) According to plaintiff, he was told there was no job despite the fact that Rehab Care Group was advertising a physical therapist position on the internet and plaintiff was willing to switch locations. (Amended Complaint, ¶¶ 16) Plaintiff was also told to stop contacting Huff. (Amended Complaint, ¶ 20)

Plaintiff claims that, through their above actions, defendants violated the Michigan Whistleblowers' Protection Act, M.C.L. § 15.361 *et seq*., by retaliating against him for filing a complaint with the government.

On October 30, 2009, defendants Rehab Care Group and Huff filed the motion for summary judgment pending before the court (D/E #16). In that motion, those defendants argue that they are entitled to summary judgment because plaintiff cannot establish a *prima facie* case of retaliation under Michigan's Whistleblowers' Protection Act.

On November 19, 2009, plaintiff filed a response to defendants' motion for summary judgment (D/E #18). In that response, plaintiff argues that genuine issues of material fact are in dispute and that defendants' motions should be denied.

On November 24, 2009, defendants filed a reply to plaintiff's response (D/E #19). In that reply, defendants reiterated their earlier arguments.

On December 23, 2009, this court recommended that defendants' motion be granted on the basis that plaintiff failed to produce any evidence demonstrating that there was a genuine issue of material fact and defendants were entitled to judgment as a matter of law (D/E#28).

On January 6, 2010, plaintiff filed objections to the Magistrate Judge's Report and Recommendation (D/E #32-45.) Those objections included arguments on the motion for summary judgment and exhibits plaintiff claimed to have filed with his original responses, in addition to charges of bias against this court and a request that this court be removed the case. Defendants filed a response to plaintiff's objections (D/E #52) and plaintiff filed a reply to that response (D/E #63).

On May 10, 2010 Judge Borman issued an order returning this matter to this court pursuant to Fed. R. Civ. P. 72(b)(3) (D/E#77). Specifically, Judge Borman returned this matter in order for this court to consider as evidence the exhibits plaintiff field in support of his objections to the earlier report and recommendation:

> It appears to the Court, given Plaintiff's careful reference by number in his responsive brief (Dkt. No. 18) to the very exhibits that he now attaches to his Objections to the Magistrate Judge's Report and Recommendation (Dkt. Nos. 36-45), that Plaintiff had assembled these exhibits and believed he had filed them in support of his claims in his response to Defendants' motion for summary judgment. Given Plaintiff's *pro se* status, and his obvious effort to collect and provide evidence in support of his claims, the Court will allow Plaintiff to submit these untimely filed exhibits as evidence in support of Plaintiff's response to Defendants' motion for summary judgment.

[D/E #77, p. 2]

On May 25, 2010, this court issued a notice of briefing and oral argument (D/E #80). Pursuant to that notice, plaintiff's response to defendants' motion to summary judgment was due

June 9, 2010 and defendants' reply was due June 16, 2010. Additionally, oral argument was set for June 23, 2010 at 10:30 a.m.

On June 9, 2010, at 11:31 p.m. plaintiff e-filed a request for extension of time pending before the court (D/E #82). In that request, plaintiff requested an additional twenty-one (21) days to file his response to defendants' motion for summary judgment. As support for that request, plaintiff repeated his allegations of bias and fraud on the part of this court while also stating that the investigation into this court's actions are ongoing. Plaintiff further asserted that Judge Borman is harassing plaintiff by again referring this case to this court. Plaintiff also argued that he needs the additional time to research the relevant legal issues.

On June 10, 2010, defendants filed a response to plaintiff's request for additional time (D/E #83). In that response, defendants argued that plaintiff waited until the "eleventh hour" to file an inflammatory "Notice" requesting additional time and that granting the request would be inappropriate given how long this case as been on the court's docket and the outlandish nature of the notice itself.

On June 15, 2010, this court denied plaintiff's request for extension of time (D/E #84). Specifically, this court denied the request on the basis that plaintiff unduly delayed in bringing his request and failed to offer sufficient reasons why the court should afford him more time. This court also noted that plaintiff was not prejudiced by the denial of additional time because he had already filed a response to as defendants' motion for summary earlier and his exhibits, which he claimed to have attached earlier, were now before the court.

On June 16, 2010, defendants filed a second reply brief in support of their motion for summary judgment (D/E#85). In that second reply brief, defendants argue that plaintiff's

exhibits were never produced during discovery, were untimely submitted, and do not create triable issue of fact. Defendants also argue that Rehab Care Group had legitimate, nondiscriminatory reasons for plaintiffs treatment that plaintiff cannot rebut.

On June 21, 2010 this court received an oral request by plaintiff to adjourn oral argument on defendants motion for summary judgment. Plaintiff indicated to the case manager that, due to a medical condition, he was unable to travel and wanted the hearing adjourned. Plaintiff was asked to fax his request to chamber or place it on the record, which he said he could not do until the evening. Plaintiff never faxed such a request, but the court still granted his request and adjourned the oral argument to July 14, 2010 (D/E #87).

On July 12, 2010, after 4:00 p.m., plaintiff called the court to request another adjournment. Plaintiff was advised to submit the same in writing and, at 11:30 p.m. on July 12, 2010, plaintiff e-filed a request to adjourn the hearing set for July 14, 2010 (D/E #88). In that request, plaintiff cited health issues and physical hardships in traveling 1200 miles back to Michigan from St. Louis, where he now lives. No doctor's note or office notes from his alleged July 7, 2010 consult were attached. Similarly, no physician was identified. Plaintiff also repeated his objections to this court holding the hearing instead of the district court.

On July 13, 2010, defendants filed a response in opposition to another adjournment (D/E #89). That same day, after considering all the facts and circumstances of plaintiff's request, this court denied plaintiff's request for a second adjournment (D/E #90). In particular, this court relied upon the lateness of the request, the absence of proof regarding the health of plaintiff, the previous submissions, and the nature of the motion hearing. The court did, however, permit plaintiff to appear by telephone. On July 14, 2010, the hearing took place.

**III. Standard of Review**

Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56(b). That rule states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

**IV. Discussion**

As a preliminary matter, this court would note that defendants first argue that the court should strike and otherwise disregard plaintiff's evidence because plaintiff failed to engage in any discovery whatsoever and he did not produce any evidence until his objections to this court's report and recommendation, which was nearly two months after the close of discovery and after plaintiff's response to the summary judgment motion was filed. However, defendants made the same argument in their response to plaintiff's objections and that argument was clearly rejected by Judge Borman.[2] Judge Borman ordered that this matter be returned to this court so that plaintiff's evidence could be considered and, consequently, the evidence will be considered.

Plaintiff's whistleblower claim is brought under M.C.L. § 15.362, which states:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

"To establish a *prima facie* case under that statute, a plaintiff must show that (1) the plaintiff was engaged in protected activity as defined by the act, (2) the plaintiff was discharged or discriminated against, and (3) a causal connection exists between the protected activity and the discharge or adverse employment action." West v. General Motors Corp., 469 Mich. 177,

---

[2]This court would also note that, while defendants assert that plaintiff failed to participate in the discovery process, defendants never filed a motion to compel any discovery.

183-184, 665 N.W.2d 468, 471 - 472 (2003) (citing Chandler v. Dowell Schlumberger, Inc., 456 Mich. 395, 399, 572 N.W.2d 210 (1998); Shallal v. Catholic Social Services of Wayne Co., 455 Mich. 604, 610, 566 N.W.2d 571 (1997)).

Defendants argue that plaintiff cannot establish a *prima facie* case of retaliation and, therefore, they are entitled to summary judgment. As discussed above, the party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the nonmoving party's claim. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 & n. 12 (6th Cir. 1989) (citations omitted). The movant need not submit "affidavits or other similar materials negating the [nonmovant's] claim." Celotex, 477 U.S. at 323, 106 S.Ct. 2548. It need only identify portions of the record that demonstrate the absence of a genuine issue of material fact. Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal, Inc., 276 F.3d 845, 848 (6th Cir. 2002) (citing Celotex, 477 U.S. at 323, 106 S.Ct. 2548).

Here, defendants have not submitted any evidence negating plaintiff's claims, but they do identify specific portions of the record that demonstrate the absence of a genuine issue of material fact. As asserted by defendants, plaintiff did not engage in any discovery and he has no evidence that he was engaged in protected activity, that he suffered an adverse action, or that there was a causal connection between plaintiff's alleged protected activity and his termination. By identifying those areas where there is an absence a genuine issue of material fact, and where defendants would be entitled to judgment as a matter of law, defendants have met their initial burden of demonstrating the absence of a genuine issue of material fact as to an essential element

of the nonmoving party's claim.  See Mt. Lebanon Pers. Care Home, Inc., 276 F.3d at 848 (citing Celotex, 477 U.S. at 323, 106 S.Ct. 2548).

Once defendants met their initial burden, the burden shifts to plaintiff to "come forward with specific facts showing that there is a genuine issue for trial."  Matsushita, 475 U.S. at 587, 106 S.Ct. 1348.  In doing so, plaintiff cannot merely rest upon the allegations contained in his pleadings and he must submit evidence demonstrating that material issues of fact exist.  Banks, 330 F.3d at 892; Fed. R. Civ. P. 56(e).

With respect to the protected activity element of plaintiff's retaliation claim, plaintiff submitted parts of two purported emails.  The first email, dated February 12, 2009 and sent at 6:48 a.m., is titled "Official Complaint" and was sent to defendant Huff.  In that email, plaintiff states that he made "a complaint to the Government agency about some unethical therapy practices followed by Rehab Care groups at Boulevard Temple, Detroit Michigan." (Plaintiff's Exhibit 5, attached as part of D/E#36)  The second email, dated February 12, 2009 and sent at 6:06 p.m., is titled "Health Care Fraud" and was sent to  HHSTips@oig.hhs.gov.  (Plaintiff's Exhibit 10, attached as part of D/E #37)  Exhibit 10 is only one page, but there is writing on it stating that it is seven pages.  The contents of the page are descriptions of medicare guidelines.

Viewing that evidence and drawing all reasonable inferences in favor of plaintiff, as the court must, Matsushita Electric Industrial Co., Ltd., 475 U.S. at 587, plaintiff has failed to demonstrate the existence of a genuine issue of material fact.  Plaintiff did notify Huff that he filed a complaint to a government agency, but there is no evidence of such protected activity. Plaintiff's second e-mail is incomplete, according to the writing on it, and it does not demonstrate that any complaint was made.  Moreover, the second email was sent after plaintiff

notified Huff of his complaint, which suggests that it is not the complaint referenced in the notification. That timing and the incomplete nature of the second email are especially significant because plaintiff has another ongoing case for retaliation against Ciena, his other employer in state court. Looking at the record in this case as a whole, a rational trier of fact could not find that plaintiff engaged in protected activity and no genuine issue for trial with respect to the first element of plaintiff's claim. Accordingly, defendants' motion for summary judgment should be granted.

With respect to the adverse action element of plaintiff's retaliation claim, plaintiff provides an email from Tracey Huff to him stating that plaintiff was being laid off. (Plaintiff's Exhibit 9, attached as part of D/E #37) Viewing that evidence and drawing all reasonable inferences in favor of plaintiff, plaintiff has demonstrated that a genuine issue of material fact exists with respect to the adverse action element of his retaliation claim.

With respect to the causation element of plaintiff's retaliation claim, plaintiff argues that he was laid off because of the complaint he made. In support of that argument, plaintiff points to a February 20, 2009 letter from Rosalyn Calhoun, an employee is Rehab Care's Human Resources Department. (Plaintiff's Exhibit 4, attached as part of D/E #36) In that letter, Calhoun acknowledges that plaintiff has taken a leave of absence and requests that plaintiff notify his supervisor at least one week before he intends to return to work. Plaintiff also points to his February 12, 2009 email to Huff, in which he requested a return to work. (Plaintiff's Exhibit 5, attached as part of D/E#36) Similarly, plaintiff provides a February 26, 2009 email he sent to Huff, in which he again states that he would like to start his job at Boulevard Temple. (Plaintiff's Exhibit 8, attached as part of D/E #37) Additionally, plaintiff provides a copy of a

postcard. (Plaintiff's Exhibit 14, attached as D/E #38) That postcard states that Rehab Care currently has openings for occupational and physical therapist.

According to plaintiff, the above evidence demonstrates that he was laid off because of the complaint he had made. Plaintiff argues that, while plaintiff repeatedly sought work and was willing to switch locations, he was laid off and told there were no jobs available, despite the fact that Rehab Care Group was advertising an open physical therapist position on the internet.

However, even viewing that evidence and drawing all reasonable inferences in favor of plaintiff, plaintiff has failed to demonstrate that a genuine issue exists with respect to causation. The letter from Calhoun is dated after his alleged protected activity, but it still acknowledges that plaintiff could return to work. Additionally, the postcard plaintiff provided is undated and it does not provide that location of the open positions. Moreover, while plaintiff states that he was willing to switch locations, the only requests he makes in the record are for a return to his position at Boulevard Temple and, in defendant Huff's affidavit, she states that plaintiff's assignment at Boulevard Temple had ended. (Affidavit of Tracy Huff, ¶¶ 6, 8, 10-11) Given that evidence, no rational trier of fact could find that defendants laid plaintiff off because of his alleged protected activity and defendants are therefore entitled to summary judgment on that basis.[3]

---

[3]Defendants also argue, on the basis of Huff's affidavit, that Rehab Care Group had a legitimate, nondiscriminatory reason for their treatment of plaintiff. However, Huff's affidavit repeatedly states that plaintiff was not reassigned because he was unavailable for work due to his personal leave of absence (Affidavit of Tracy Huff, ¶¶ 7-8,10) while plaintiff's emails to Huff demonstrate that he wanted to return to work (Plaintiff's Exhibit 5, attached as part of D/E#36; Plaintiff's Exhibit 8, attached as part of D/E #37). Given that factual dispute, summary judgment is inappropriate on that basis.

As discussed above, while plaintiff's evidence demonstrates that a genuine issue of material fact exists with respect to the adverse action element of plaintiff's retaliation, no rational trier of fact could find for plaintiff with respect to the protected activity and causation elements of plaintiff's claim. Accordingly, defendants are entitled to judgment as a matter of law and their motion for summary judgment should be granted.

## V. Conclusion

For the reasons discussed above, the court recommends that defendants' motion be **GRANTED** and that summary judgment be entered in favor of defendants Rehab Care Group and Huff. Additionally, because the Jane Doe defendants have not been identified, not been served and would be entitled to summary judgment on the same basis as the named defendants if they were part of this case, this court recommends that the case be dismissed in its entirety.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                    S/Virginia M. Morgan
                    Virginia M. Morgan
                    United States Magistrate Judge

Dated: August 18, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on August 18, 2010.

                    s/J. Johnson
                    Case Manager to
                    Magistrate Judge Virginia M. Morgan