UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD GLADSTON ROSARIO
PRAGASAM,

        Plaintiff,

                      Case No. 09-11660

v.                        Honorable Paul D. Borman
                        United States District Judge

                        Virginia M. Morgan
REHAB CARE GROUP, INC.,       United States Magistrate Judge
TRACY HUFF, and JANE DOE 1-2,

        Defendants.
_____/

OPINION AND ORDER (1) DENYING PLAINTIFF'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NOS. 92 AND 93);
(2) ADOPTING THE MAGISTRATE JUDGE'S AUGUST 18, 2010 REPORT AND
RECOMMENDATION (DKT. NO. 91); (3) GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (DKT. NO. 16) AND (4) DISMISSING PLAINTIFF'S
COMPLAINT WITH PREJUDICE

Before the Court are Plaintiff's Objections to Magistrate Judge Virginia M. Morgan's August 18, 2010 Report and Recommendation to grant Defendants' motion for summary judgment. (Dkt. Nos. 92 and 93.) Defendants have filed a response to Plaintiff's Objections. (Dkt. No. 95.)

The Court reviews *de novo* those portions of the Report and Recommendation to which a specific objection has been filed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Having considered the entire record and having reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court DENIES Plaintiff's objections, ADOPTS the Report and Recommendation, GRANTS Defendants' motion

1

for summary judgment and DISMISSES Plaintiff's Complaint with prejudice

I.  BACKGROUND

The Magistrate Judge succinctly set forth both the procedural and factual background of this matter in her Report and Recommendation and the Court adopts those portions here. The Court further notes that this *pro se* Plaintiff, contrary to his repeated and offensive accusations against both Magistrate Judge Morgan and this Court, has been given multiple opportunities and granted numerous leniencies throughout this litigation, both with regard to repeatedly missing time deadlines and with regard to failures to comply with applicable local rules in his voluminous filings. For example, although Plaintiff has failed to engage in any discovery in this matter, and although Plaintiff failed to attach any supportive documents when filing his response to Defendants' motion for summary judgment, this Court gave Plaintiff an opportunity to have those exhibits considered despite the fact that they were untimely filed and had not previously been produced to Defendants. (*See* Opinion and Order Returning Matter to the Magistrate Judge Pursuant to Fed. R. Civ. P. 72(b)(3), Dkt. No. 77.) The Magistrate Judge has now considered all of the evidence that Plaintiff submitted in support of his response to Defendants' motion for summary judgment. This Court, having reviewed the matter *de novo*, and having reviewed Plaintiff's objections thereto, agrees with the Magistrate Judge's findings of fact and conclusions of law.

II.  STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A general objection, or one that merely restates the arguments previously presented,

does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir.1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## III. ANALYSIS

Plaintiff's rambling, 36 page "objections" fail to identify any specific alleged errors in the Magistrate Judge's Report and Recommendation.[1] Indeed, the objections are largely dedicated to accusations against both Magistrate Judge Morgan and this Court for "fraud" and "bias" and fail to identify any of the Magistrate Judge's conclusions as to the substantive issues of Plaintiff's Whistleblower claim with which Plaintiff disagrees.[2] In fact both Magistrate Judge Morgan and this

---

[1] Plaintiff's 36-pages of objections are filed in violation of Magistrate Judge Morgan's direct order in her August 18, 2010 Report and Recommendation that any party wishing to file objections to her order do so within fourteen (14) days and that any such objection be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. (Dkt. No. 91, Aug. 18, 2010 Report and Recommendation, p. 15.) Plaintiff never filed a motion for extension of the page limit and the Court therefore strikes pages 21- 36 of Plaintiff's objections and refuses to consider any argument appearing, or exhibits referred to, in those stricken pages. The Court also notes that at oral argument held on July 14, 2010 before Magistrate Judge Morgan on Defendants' Motion for Summary Judgment, Plaintiff refused to address the substantive merits of his Whistleblower claim and devoted his entire oral argument to the alleged "fraud" and "bias" of Magistrate Judge Morgan and this Court in the handling of his claim.

[2] While the Court will not address each of Plaintiff's misguided allegations against the Court, the Court notes that it is within its power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). That section also states that magistrate judges may not "determine" motions to dismiss or for summary judgment. However, when those matters have been referred to a magistrate judge, the magistrate judge may submit to the Article III judge "proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B) (stating that "a judge may also designate a magistrate judge to conduct hearings,

Court have granted Plaintiff great leniency in the presentation of his case, though he has failed to abide by several procedural rules and Court orders. (*See* Dkt. No. 75, Transcript of Motion Hearing held on June 29, 2009 before Magistrate Judge Morgan, pp. 9-21, the Magistrate Judge explaining to Plaintiff ways in which he should amend his Complaint to adequately plead his Whistleblower Claim; Dkt. No. 77, Order Returning Matter to the Magistrate Judge for hearing and determination.) The Court notes, however, that "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Both this Court and Magistrate Judge Morgan have stretched the bounds of leniency in Plaintiff's case and Plaintiff's accusations against Magistrate Judge Morgan and this Court, expressed both in his filings and at oral argument on July 14, 2010, offend the rules of civility practiced in this Court.

Notwithstanding Plaintiff's lack of civility and failure to adequately address specific portions of the Magistrate Judge's Report and Recommendation, the Court turns to the substantive allegations of Plaintiff's Whistleblower claim against Defendants, and agrees with Magistrate Judge Morgan's conclusion that Plaintiff has failed to provide evidence of "evidentiary quality" in response to Defendants' motion for summary judgment which establishes a *prima facie* claim against Defendants. Plaintiff's Whistleblower claim is brought under Mich. Comp. Laws § 15.362 which provides:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a

including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)"). This procedure has been followed in this case and the Magistrate Judge's recommendations are now properly before this Court for final determination.

4

suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

"To establish a *prima facie* case under [the Whistleblower act], a plaintiff must show that (1) the plaintiff was engaged in protected activity as defined by the act, (2) the plaintiff was discharged or discriminated against, and (3) a causal connection exists between the protected activity and the discharge or adverse employment action." *West v. General Motors Corp.*, 469 Mich. 177, 183-184, 665 N.W.2d 468, 471-472 (2003). Even viewing the evidence in the light most favorable to Plaintiff, Plaintiff's "evidence," which consists largely of self-serving hearsay-ridden documents, fails to establish a genuine issue of material fact as to the essential causal link between Plaintiff's alleged protected activity and his termination. Plaintiff has failed its burden, at the summary judgment stage, to come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"Something more than a temporal connection between protected conduct and an adverse employment action is required to show causation where discrimination-based retaliation is claimed." *West*, 469 Mich. at 473 (analogizing a claim under the Michigan Whistleblower's act to an anti-retaliation claim based on other prohibited types of employment discrimination). "Plaintiff must show something more than merely a coincidence in time between protected activity and adverse employment action." *Id.* (finding no causal link where plaintiff failed to show "any reaction or conduct on the part of his supervisors that reasonably suggests that they were upset by the [protected activity].").

Plaintiff has produced absolutely no admissible evidence that his employer reacted in any

5

way, antagonistic or otherwise, to Plaintiff's alleged protected activity or even acknowledged such alleged complaints.[3] The non-moving party "may not rest upon mere allegation or denials of his pleadings," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256- 257 (1986). Plaintiff has not carried his burden of establishing that a genuine question of material fact exists on the issue of causation. The mere temporal proximity of the termination to the alleged protected activity cannot sustain Plaintiff's burden on the issue of causation.

Moreover, Defendants have provided affidavit testimony that the entity for which Plaintiff worked prior to his personal leave of absence, Boulevard Temple, had expressly requested that Plaintiff not return to Boulevard Temple after his personal leave expired. (Dkt. No. 85, Def.'s Reply in Support Summ. Judg., Ex. 1, Affidavit of Tracy Huff, June 16, 2010 ¶ 11.) Plaintiff has never contested this evidence and has offered no evidence to support his self-serving contention that he was terminated because of his alleged protected activity. "The fact that a plaintiff engages in a 'protected activity' under the Whistleblowers' Protection Act does not immunize him from an otherwise legitimate, or unrelated, adverse job action." *West*, 469 Mich. at 187. "[P]laintiff has failed to establish a prima facie claim because he has not demonstrated a causal connection-an

---

[3] Indeed, as the Magistrate Judge points out in her Report and Recommendation, the evidence which Plaintiff has proffered indicates just the opposite. Plaintiff's email to Tracy Huff dated February 12, 2009, indicated to Ms. Huff that Plaintiff had complained to the government about Defendants' "unethical therapy practices." (Dkt. No. 36, Ex. 5, Feb. 12, 2009 email from Plaintiff to Tracy Huff.) More than a week after receiving this email, Plaintiff was specifically instructed, in a letter from human resource employee Rosalyn Calhoun, regarding the procedure to be followed if and when Plaintiff decided to return work following his personal leave. (Dkt. No. 36, Ex. 4, February 20, 2009 letter from Rosalyn Calhoun to Plaintiff.) Thus, the evidence indicates that after receiving notice of Plaintiff's alleged complaint to the government, Defendants continued to acknowledge that Plaintiff could possibly return to work.

6

essential element of a claim under the Whistleblowers' Protection Act-between the protected activity and the adverse employment action." *Id*. at 188. Accordingly, Magistrate Judge Morgan correctly concluded that Plaintiff has failed to establish a *prima facie* case under the Michigan Whistleblower act.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Objections to the Magistrate Judge's August 18, 2010 Report and Recommendation (Dkt. No. 93), ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. No. 91), GRANTS Defendants' Motion for Summary Judgment (Dkt. No. 16) and DISMISSES Plaintiff's Complaint with prejudice.

**IT IS SO ORDERED.**

                                              S/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: December 21, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 21, 2010.

                                              S/Denise Goodine
                                              Case Manager